THE STATE OF NEW JERSEY v. PHILIP MOWSER,
DEFENDANT.

THE STATE OF NEW JERSEY v. CHARLES HERBERT,
DEFENDANT.

THE STATE OF NEW JERSEY v. ROBERT McCRACKEN,
DEFENDANT.

Argued August 13, 1917—Decided October 13, 1917.

The defendants were jointly indicted for robbery and each entered
a plea of guilty. The same defendants were separately indicted for
the murder of the person robbed, and when called to plead to
that indictment filed a plea of former conviction based upon the
alleged fact that the murder was committed in the perpetration
of the robbery, to which the state demurred. *Held*, that the plea
was vicious because the crimes were distinct offences, requiring
a different character of proof to warrant a conviction in each,
neither being a necessary ingredient of the other. *State* v. *Cooper*,
13 N. J. L. 361, considered and distinguished.

On demurrer to a plea of former conviction.

Before Justices SWAYZE, BERGEN and BLACK.

For the state, *Charleton A. Reed.*

For the defendant Mowser, *Charles A. Rathbun.*

For the defendant Herbert, *King & Vogt.*

For the defendant McCracken, *George C. Runyon.*

The opinion of the court was delivered by

BERGEN, J. Separate indictments being presented against
the defendants above named by the grand inquest to the Court
of Oyer and Terminer of the county of Morris for the mur-

der of Frederick Richards, each filed a plea of former conviction to which the state interposed a demurrer, and thereupon the records were removed to this court by a writ of *certiorari*. Although the records are separate the questions involved are so similar they may be considered and disposed of together.

The indictments are sufficient under our statute to support convictions for murder either of the first or second degree, or for manslaughter, but not for robbery. The pleas are substantially the same and aver that at the same term of the Morris County Court of Oyer and Terminer as the indictment for murder was found, an indictment was presented by the grand inquest to the Court of Quarter Sessions of said county against the three defendants jointly for that they "In and upon one Frederick Richards an assault did feloniously make and from the person of him, the said Frederick Richards, by violence and putting him in fear, did forcibly take a certain sum of money," and that the said grand inquest did further present to said Court of Quarter Sessions that the said defendants "Did willfully and maliciously assault one Frederick Richards by menaces and in a forcible and violent manner did demand of the said Frederick Richards the sum of thirty-four dollars with intent to rob him," and that the said defendants were convicted and adjudged guilty of the offence charged in that indictment upon their pleas that they were guilty as charged. This amounts to an averment that they were convicted of the highest crime charged, viz., robbery.

The pleas further aver that the robbery, of which the defendants were convicted, and the killing of Frederick Richards described in the indictments for murder "Form one and the same occurrence, for that the said killing of the said Frederick Richards, so described, occurred in the attempting to perpetrate, and in perpetrating the said robbery" of which defendants stand convicted, without design or intent to kill and murder, and not otherwise, and that the convicted defendants and the said Frederick Richards mentioned in the indictment for murder are the same persons, and also that the two offences are the same.

It is first urged by the state that the pleas do not state sufficient facts from which an inference may be drawn that they are the same offences but rather conclusions rested upon facts not set out in the pleas. The conclusion we have reached does not require the determination of this question and no opinion is expressed on this point, and we assume for the purpose of this decision that the pleas are technically correct.

· The next question to be considered is whether a murder committed in perpetrating a robbery, and the robbery, are one and the same offence, so that a conviction of the robbery bars a prosecution of the murder, upon the ground that the accused having been once put in jeopardy cannot be so put a second time for the same offence. There can be no doubt that the two are ordinarily distinct crimes and the only question in this case is, Does the fact that the murder was committed in perpetrating the robbery so merge the two offences that a conviction of the latter bars further proceeding on the former indictment? We think not, for committing a robbery does not necessarily involve an unlawful killing. In *Morey* v. *Commonwealth,* 108 *Mass.* 433, Judge Grey said: "A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offence. A single act may be an offence against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

Applying this test to the present case, is it not clear that the identity of the offences is not the same? To convict of murder an unlawful killing must be proven and to establish murder in the first degree, it must be willful, and perpetrated by a deliberate and premeditated act. No part of this proof is required to prove the crime of robbery which merely involves an assault of sufficient force to enable the accused to

obtain the object of his crime and the accomplishment of that criminal purpose. The test laid down by the Supreme Court of Massachusetts in the Morey case has been approved by the Supreme Court of the United States in *Carter* v. *Mc-Claughry,* 183 *U. S.* 367, and also in *Gavieres* v. *United States,* 220 *Id.* 338. In *Burton* v. *United States,* 202 *Id.* 344, 388, the court said: "The plea will be vicious if the offences charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact." It is only where the facts required to convict on the second indictment would necessarily have convicted on the first that conviction on the first will bar the prosecution of the second. 8 *R. C. L.* 143, § 128. The evidence sufficient to convict under the indictment for robbery would not have been sufficient to convict of murder and therefore the legal identity of the offences fails.

This result is entirely consistent with the case of *State* v. *Cooper,* 13 *N. J. L.* 361, for there the murder was charged to have been perpetrated by acts which constituted the crime of arson, of which the defendant had been convicted, and an acquittal would have amounted to a finding that he did not commit the act causing the murder charged, for it could only be supported by proof of the identical facts necessary to prove the crime of arson, the arson being the necessary ingredient of each crime charged, and the same proof would have been necessary to justify a conviction in either case. The court in that case was dealing with "Two distinct felonies growing out of the same identical act and *where one is the necessary ingredient in the other.*" While here the act of robbery is not a necessary ingredient of the other crime, for a murder is not necessarily a part of the act of robbery which may be accomplished by a subsequent distinct act. The application of that case should be restricted to the statement of facts with which the court was dealing, where a single act was the necessary ingredient of both offences, which was the ground relied on, and the same evidence necessary and sufficient for a conviction in each. The accused may be convicted of manslaughter under an indictment for an unlawful killing, the result of an act

which, under given circumstances, may be murder, for the same act is a necessary ingredient of both crimes, but one cannot be convicted of murder under an indictment for robbery, and if convicted of robbery under such indictment, has not been put in jeopardy for murder, because the crimes are inconsistent, requiring a different measure of proof.

The defendants argue that because our statute provides that murder, perpetrated while committing or attempting to commit any robbery, shall be murder in the first degree, the murder and robbery become one offence when the offender kills his victim while engaged in the robbery. We do not so construe the statute. It does not define robbery, or endow that crime with any new elements; its sole purpose is to describe what acts, among others, shall constitute murder in the first degree, and does not merge the offences nor relieve the state from proving the robbery, the two crimes are still distinct, and the commission of both in conjunction simply raises the grade of the principal offence.

Although it is quite clear that a conviction of robbery is not a conviction of murder, that does not dispose of the right of the defendants, which is that they shall not be put twice in jeopardy. *State* v. *Cooper, supra.* They would be put twice in jeopardy if after the conviction of robbery they could again be tried for that crime under the indictments for murder. "The common law," said Mr. Justice Miller, speaking for the Supreme Court of the United States, "not only prohibited a second punishment for the same offence, but it went further and *forbid* a second trial for the same offence, whether the accused had suffered punishment or not, and whether in the former trial he had been acquitted or convicted." *Ex parte Lange,* 18 *Wall.* 163, quoted, with approval, in *Kepner* v. *United States,* 195 *U. S.* 100, 126. We must, therefore, determine whether, under the present indictment, the defendants can be tried and convicted of robbery.

This case differs from State *v.* Cooper. The indictment in that case was a common-law indictment and charged a murder, perpetrated by acts which amounted to arson. In the present case the indictment is for murder only and is in the

statutory form, charging only that the defendant did feloniously kill and murder. The Court of Errors and Appeals has heretofore decided that under a statutory indictment for manslaughter charging that the defendant did feloniously kill and slay, he cannot be convicted of a crime of which direct personal violence is a necessary ingredient. *State* v. *Thomas,* 65 *N. J. L.* 598. The reasoning of the opinion requires us to adopt the same construction of the present indictments charging that the defendants did feloniously kill and murder. The defendants cannot, under these indictments, be convicted of robbery by direct personal violence. Much less can they be convicted of robbery by threats, no suggestion of which can possibly be implied from the words "feloniously kill and murder." There is a further reason, already suggested, which is equally conclusive. An essential element of robbery is the taking and carrying away of property. There is no suggestion of that fact in the charge that the defendants did feloniously kill and murder. The case does not fall within the rule which permits a conviction of an offence of lower grade provided such lower offence is included within the description in the indictment. *State* v. *Johnson,* 30 *N. J. L.* 185, cited, with approval, in *State* v. *Thomas, supra.*

There is another aspect of the case. Under the present indictments the robbery may be shown for the purpose of determining the degree of crime (*Crimes act,* § 107; *Comp. Stat., p.* 1780), and it is not necessary that the facts constituting robbery should be set forth in the indictments. *Titus* v. *State,* 49 *N. J. L.* 36. The novel question now presented is whether the fact that the robbery can be proved under the indictments for murder to show that the crime was murder in the first degree, is enough to require us to hold that the defendants will be put twice in jeopardy. We think not. It is dangerous to make general statements which may be misleading. What we say applies only to the actual case presented. The defendants have been convicted of robbery; they ought not again to be tried for that offence with the possible result of a second judgment for the same cause. But when the robbery is proved only as a fact on the trial of an indict-

ment for murder and a conviction of robbery is not possible under the indictment, the question presented is not whether the former judgment is *res adjudicata*, but what is its evidential value. If the robbery is an essential element of the murder the result would be different if the defendants had been acquitted instead of convicted; for acquittal of an essential element of a crime necessarily negatives the crime. Conviction of the essential element may or may not involve conviction of the crime of which it is an element; since to justify conviction the other elements must be proved. As we have already said, conviction of robbery is not conviction of murder. In *Diaz* v. *United States*, 223 U. S. 442, a similar question was involved. Diaz had been convicted of assault and battery and fined therefor. Subsequently the person assaulted died and Diaz was charged with homicide. He pleaded former jeopardy, but the plea was overruled. At the trial he put in evidence the record including the testimony at the former trial. The Supreme Court of the United States held that the plea was properly overruled. The proof of the assault and battery was essential to the proof of the homicide, but the court held that the two crimes were distinct.

We are not now called upon to determine whether the conviction of robbery would be admissible in evidence upon the trial of the indictment for murder, or whether, if admissible, it would be conclusive. That question involves the effect of the constitutional provision requiring that the defendant be confronted with the witnesses against him—a question that was dealt with by the court in the Diaz case, and may hereafter arise in this case. All that we need to know for the present purpose is that the trial for murder does not necessarily involve a determination of the fact of robbery and that under the statutory indictment for murder there can be no conviction of robbery.

The state is entitled to judgment on the demurrer. As this is a case of a common-law felony, the proper judgment is *respondeat ouster*. 1 *Chit. Crim. L.* 461.