# SUPREME JUDICIAL COURT

### AT THE

## NOVEMBER SESSION 1871, IN BOSTON.

PRESENT:

Hon. REUBEN A. CHAPMAN, Chief Justice.
Hon. HORACE GRAY, Jr.,
Hon. JOHN WELLS,
Hon. JAMES D. COLT,  } Justices.
Hon. SETH AMES,

## MAURICE MOREY vs. THE COMMONWEALTH.

Although proof of one particular fact is necessary to a conviction under either of two statutes, yet, if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either is no bar to prosecution and punishment under the other.

A conviction upon an indictment for lewd and lascivious cohabitation is no bar to the conviction and sentence of the same defendant upon an indictment for adultery, although proof of the same acts of unlawful intercourse is introduced on both trials.

WRIT OF ERROR to reverse the judgment of the superior court upon a conviction of the plaintiff in error on an indictment for adultery. Plea, *in nullo est erratum.*

The record showed that at September term 1867 of the superior court in Norfolk two indictments were found against the plaintiff in error, the first for lewd and lascivious cohabitation, and the second for adultery. The first indictment charged that he and Bridget Kennedy, on October 1, 1866, and "from that day continually to" August 1, 1867, at Quincy, "did lewdly and lasciviously associate and cohabit together," they "not being

VOL. XII.                    28

then and there married to each other." The second charged, in three counts, that on January 1, June 1, and August 1, 1867, respectively, at Quincy, he committed adultery with Bridget Kennedy, he "being then and there a married man and then and there having a lawful wife alive other than the said Bridget Kennedy," and he and said Bridget "not being then and there lawfully married to each other."

The record further showed that at said term he and Bridget Kennedy were tried together on the first indictment, and found guilty, and he was sentenced thereon to confinement at hard labor in the house of correction for two years; and that at the same term he was tried and found guilty on the second indictment, and sentenced thereon to confinement at hard labor in the house of correction for three years, "this sentence to take effect from and after the expiration of his previous sentence at this term of the court."

The assignment of errors was, that the sentence on the second indictment was wrongful, in that the plaintiff in error "had been previously convicted and sentenced to two years' confinement in said house of correction for the same acts for which this sentence was awarded."

*H. L. Hazelton*, for the plaintiff in error.

*C. Allen*, Attorney General, for the Commonwealth.

GRAY, J. A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offence. A single act may be an offence against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

An acquittal or conviction upon an indictment for murder is a bar to a subsequent conviction upon an indictment for manslaughter or assault by the same act by which the murder was charged

in the first indictment to have been committed, because such a conviction might have been had upon the first indictment. And so, *e converso,* an acquittal or conviction of the manslaughter is a bar to a subsequent indictment for the murder. *Commonwealth* v. *Roby,* 12 Pick. 496, 504, 505, and authorities cited. 1 Stark. Crim. Pl. (2d ed.) 323, 324. 2 Russell on Crimes (4th ed.) 55–59. Rev. Sts. *c.* 137, § 11. Gen. Sts. *c.* 172, § 16. *Commonwealth* v. *Drum,* 19 Pick. 479. *Commonwealth* v. *Squire,* 1 Met. 258, 262. *Commonwealth* v. *Lang,* 10 Gray, 11. *Commonwealth* v. *Squires,* 97 Mass. 59.

On the other hand, a conviction of an assault with intent to murder was held by this court to be no bar to an indictment for murder, before our statutes permitted a conviction of such an assault upon an indictment for murder. *Commonwealth* v. *Roby,* 12 Pick. 496. St. 1805, *c.* 88, § 2. Rev. Sts. *c.* 137, § 11, and commissioners' note. Gen. Sts. *c.* 172, § 16.

A conviction of being a common seller of intoxicating liquors has been held to bar a prosecution for a single sale of such liquors within the same time, upon the ground that the lesser offence, which is fully proved by evidence of the mere fact of unlawfully making a sale, is merged in the greater offence; but an acquittal of the offence of being a common seller does not have the like effect. *Commonwealth* v. *Jenks,* 1 Gray, 490, 492. *Commonwealth* v. *Hudson,* 14 Gray, 11. *Commonwealth* v. *Mead,* 10 Allen, 396.

It has also been repeatedly held that the offences of keeping a tenement used for the illegal sale and illegal keeping of intoxicating liquors, of illegally selling such liquors, and of doing secular business on the Lord's day, are distinct offences, and a conviction of the one is no bar to a conviction of either of the others, although the same acts of sale are relied on in proof of each. *Commonwealth* v. *Bubser,* 14 Gray, 83. *Commonwealth* v. *Shea,* Ib. 386. *Commonwealth* v. *Cutler,* 9 Allen, 486. *Commonwealth* v. *O'Donnell,* 8 Allen, 548. *Commonwealth* v. *Trickey,* 13 Allen, 559. *Commonwealth* v. *Hogan,* 97 Mass. 122. *Commonwealth* v. *Sheehan,* 105 Mass. 192.

The case now before us cannot be distinguished in principle from those just cited. The indictment for lewd and lascivious

cohabitation contained no averment and required no proof that either of the parties was married, but did require proof that they dwelt or lived together, and would not be supported by proof of a single secret act of unlawful intercourse. *Commonwealth* v. *Calef*, 10 Mass. 153. The indictment for adultery alleged and required proof that the plaintiff in error was married to another woman, and would be satisfied by proof of that fact and of a single act of unlawful intercourse. Proof of unlawful intercourse was indeed necessary to support each indictment. But the plaintiff in error could not have been convicted upon the first indictment by proof of such intercourse and of his marriage, without proof of continuous unlawful cohabitation ; nor upon the second indictment by proof of such cohabitation, without proof of his marriage. Full proof of the offence charged in either indictment would not therefore of itself have warranted any conviction upon the other. The necessary consequence is, that, assuming that proof of the same act or acts of unlawful intercourse was introduced on the trial of both indictments, the conviction upon the first indictment was no bar to a conviction and sentence upon the second ; and that there is no error in the judgment, for which it can be reversed.

The question of the justice of punishing the offender for two distinct offences growing out of the same act was a matter for the consideration of the grand jury and the attorney for the Commonwealth in the presentment and prosecution, of the court below in imposing sentence, or of the executive in the exercise of the pardoning power. It is not within the jurisdiction of this court as a court of error. *Judgment affirmed.*