THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CÁN-DIDO GONZÁLEZ RIVERA, Defendant and Appellant.

No. CR-66-229.      Decided June 9, 1967.

*Francisco Coll Moya* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Ida Cardona Hernández, Assistant Solicitor General,* for The People.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

Appellant was driving a motor vehicle and had an accident. He was charged with violation of §§ 5-201 and 5-801 of the Vehicle and Traffic Law, 9 L.P.R.A. §§ 871 and 1041. The case for violation of § 5-201[1] was heard before the

---

[1] Section 5-201 provides:

"Any person who carelessly and recklessly operates a motor vehicle,

658

District Court and the defendant was found guilty. He was charged that "without exercising due care and prudence, unmindful of life and property, without considering the width, use, and conditions of said public thoroughfare, since while driving the vehicle along said avenue, upon reaching Block M-56 Street, he did not wait at a 'Stop' sign which was in front and visible from the side where he was driving attempting to cross said intersection without stopping before the Stop sign and as a result of his carelessness and negligence in the use and operation of his vehicle, when he continued driving without stopping in said intersection, he struck, with the front part of his vehicle, the center of the left side of a Chevrolet automobile, Model 1965, license plate PA-270-214 property of and conducted by its owner, Gregorio Martínez Sánchez, while driving from east to east [*sic*] along Block M-56 Street of the Reparto Metropolitano. The Chevrolet suffered damages assessed at $700 and the Oldsmobile suffered damages assessed at $200. Wounded in the accident were Mirna Looner Martínez, Josefina Martínez, Roig Pérez, Julio César Rosa, who sustained lacerations and slight wounds for which they were treated at the Municipal Hospital of Río Piedras."

The case for violation of § 5-801—driving a motor vehicle under the influence of intoxicating liquor—having been called, the defendant invoked the defense of former jeopardy on the ground that in the case for violation of § 5-201 evidence was presented that he was driving the vehicle under the influence of intoxicating liquor. He alleges that that circumstance was

---

showing himself unmindful of the public rights and safety; or without due care and prudence; or in a manner which endangers or may endanger life and property; or who through the reckless driving of a motor vehicle causes injuries to another person, shall be guilty of reckless driving and upon conviction punished by a fine of not less than one hundred (100) dollars nor more than two thousand (2,000) dollars, or by imprisonment in jail for a term of not less than one month nor more than two (2) years, or both, in the discretion of the court."

essential in the offense for which he had already been tried, and that therefore he could not be prosecuted again for the same act.

The Constitution of Puerto Rico in § 11 of the Bill of Rights prescribes that "no person shall be twice put in jeopardy of punishment for the same offense." In *People v. Rivera Ramos*, 88 P.R.R. 593 (1963) we considered a phase of the problem posed by the application of this constitutional provision.[2] Here the question is different from the one considered therein. The defendant has an automobile accident and his conduct violates two provisions of the Vehicle and Traffic Law. Section 5-201 which punishes reckless driving of a vehicle as a result of which injuries are caused to another person. Section 5-801 punishes the driving of a motor vehicle under the influence of intoxicating liquor. The fact that the carelessness and recklessness in driving the vehicle was due to the state of intoxication does not turn the first offense into the offense of driving an automobile under the influence of intoxicating liquor. They are two different offenses. They required different elements of proof.

The Supreme Court of the United States in *Blockburger* v. *United States*, 284 U.S. 299 (1932) considering a similar situation, although in connection with other offenses, sets forth the rule to be followed in applying the constitutional provision which bars that a person be twice placed in jeopardy of punishment for the same offense:

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. *Gavieres* v. *United States*, 220 U.S. 338, 342, and authorities cited. In that

---

[2] In *Rivera Ramos* we considered whether the conviction for a minor offense included in a higher offense was a bar to the prosecution for the higher offense.

660

case this court quoted from and adopted the language of the Supreme Court of Massachusetts in *Morey* v. *Comm.*, 108 Mass. 433: 'A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' "

██ In the situation of facts presented in this case, the violation of § 5-201 requires a proof different from that required in the case for violation of § 5-801. In the latter the case was established by merely proving that the defendant was driving the vehicle under the influence of intoxicating liquor. In the first it was required that he be driving recklessly and to have caused injuries to a person.

██ In *City of Akron* v. *Kline*, 135 N.E.2d 265 (Ohio 1956) a situation of facts like the one of the instant case is presented and it was held that conviction of reckless driving does not preclude subsequent conviction of driving while intoxicated.

The judgment appealed from, rendered by the Superior Court, San Juan Part, on January 17, 1966, will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein.