Commonwealth *v.* Arriaga.

COMMONWEALTH *vs.* HERIBERTO ARRIAGA.

No. 96-P-0272.

Hampden. November 12, 1997. - March 10, 1998.

Present: BROWN, SMITH, & LAURENCE, JJ.

*Practice, Criminal,* Double jeopardy, Duplicative convictions, Duplicative punishment, Sentence. *Constitutional Law,* Double jeopardy, Sentence.

Discussion of the State and Federal guarantees against double jeopardy. [383-385]

Principles of double jeopardy did not prohibit the trial of a defendant for assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A, and armed assault with intent to murder, G. L. c. 265, § 18, arising from the same factual circumstances [385], and consecutive sentences for the defendant's convictions of both offenses were not duplicative, where the elements of the crimes were not the same and neither offense was a lesser included offense of the other [385-389].

Contrast and comparison, under applicable State [389-391] and Federal law [391], of elements-based and conduct-based analyses of multiple criminal convictions and sentences, for double jeopardy purposes.

INDICTMENT found and returned in the Superior Court Department on February 6, 1991.

A proceeding for revocation of probation was heard by *Constance M. Sweeney,* J.

*Brownlow M. Speer,* Committee for Public Counsel Services, for the defendant.

*Lori K. Odierna,* Assistant District Attorney, for the Commonwealth.

BROWN, J. The defendant pleaded guilty to indictments charging assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A, and armed assault with intent to murder, G. L. c. 265, § 18. He received consecutive sentences as follows: a committed State prison sentence with respect to the former offense, and a sentence of probation with respect to the latter. The defendant served his full State prison sentence (i.e., he was not

paroled), was released from custody, and began to serve his probation sentence. After violating the terms of his probation, the defendant was surrendered, and a committed State prison sentence was imposed. On appeal, the defendant alleges that the initial consecutive sentences for his two convictions constituted unlawful duplicative punishment under both State and Federal double jeopardy principles. As a result, the defendant argues, both his probation sentence and the committed sentence that he received after his surrender must be set aside. We reject the defendant's claim and affirm the order revoking probation and imposing a prison sentence.

We briefly summarize the facts adduced at the plea hearing. The defendant and the victim were husband and wife. During a fight in their shared apartment, the defendant attacked the victim with a screwdriver. He stabbed her several times, and then threw the victim onto the floor. As the victim scrambled to her feet, the defendant grabbed her and stabbed her several more times. The victim made a second effort to flee, but the defendant held her and continued to stab her. Eventually, the defendant released the victim and left the apartment. An ambulance was summoned by a neighbor, and the victim was taken to a nearby hospital. The victim suffered fifteen to twenty separate stab wounds on her face, head, leg, arms, and stomach.

We include such other relevant facts as are necessary in our analysis of the legal issue presented.

At the core here is the issue whether the defendant's State or Federal double jeopardy protections were violated — specifically, whether the consecutive sentences imposed by the trial judge amount to improper multiple punishments for what the defendant asserts is a single criminal act. Before we begin our analysis, we briefly review the relevant governing law.

Both the Massachusetts common law double jeopardy rule[1] and the double jeopardy clause of the Fifth Amendment to the United States Constitution protect criminal defendants against

---

[1] In recent years, the Supreme Judicial Court has engaged in increased speculation as to whether the Massachusetts double jeopardy rule is simply a common law protection or rather has a State constitutional grounding. As the Supreme Judicial Court stated in *Commonwealth* v. *Forte*, 423 Mass. 672, 674 (1996): "The Commonwealth's Constitution has no explicit double jeopardy provision. [However, c]ertain double jeopardy concepts are no doubt embraced within the Massachusetts Constitution's due process of law provisions . . . ." For the purposes of our analysis, the issue is immaterial.

three specific abuses: "a second prosecution for the same offense after acquittal[;] . . . a second prosecution for the same. offense after conviction[;] [a]nd [unless expressly authorized by the Legislature[2]] multiple *punishments* for the same offense" (emphasis supplied). *North Carolina* v. *Pearce*, 395 U.S. 711, 717 (1969). *Luk* v. *Commonwealth*, 421 Mass. 415, 419 (1995).

Absent from the above list of proscribed types of prosecutions is any prohibition against *simultaneous prosecutions* for the "same" offense. As the Supreme Court stated in *Ohio* v. *Johnson*, 467 U.S. 493, 500 (1984), "[w]hile the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from *prosecuting* [a defendant] for such multiple offenses in a single prosecution" (emphasis supplied). Applying this rule in *Iannelli* v. *United States*, 420 U.S. 770 (1975), the Supreme Court authorized a simultaneous trial on charges of violating 18 U.S.C. § 1955 (1994), the gambling provisions of the Organized Crime Control Act of 1970, and conspiracy to commit the same crime. "We do not consider initial dismissal of the conspiracy charge to be required [here]. When both charges are considered at a single trial, the real problem is the avoidance of dual punishment. This problem is analogous to that presented by the threat of conviction for a greater and a lesser included offense, and should be treated in a similar manner." *Iannelli, supra* at 786 n.18. See *Ohio* v. *Johnson*, 467 U.S. at 500 ("the State is not prohibited by the Double Jeopardy Clause from charging respondent with greater and lesser included offenses and prosecuting those offenses in a single trial"). See also *United States* v. *Gaddis*, 424 U.S. 544, 550 (1976); *Brown* v. *Ohio*, 432 U.S. 161, 165-169 (1977).

---

[2]"[T]he Fifth Amendment double jeopardy guarantee serves principally as a restraint on courts and prosecutors. The legislature remains free under the Double Jeopardy Clause to define crimes and fix punishments; but once the legislature has acted courts may not impose more than one punishment for the same offense and prosecutors ordinarily may not attempt to secure that punishment in more than one trial." *Brown* v. *Ohio*, 432 U.S. 161, 165 (1977). See *Ohio* v. *Johnson*, 467 U.S. 493, 499 & n.8 (1984) ("the final component of double jeopardy — protection against cumulative punishments — is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature"; "if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end"); *Commonwealth* v. *Alvarez*, 413 Mass. 224, 231-232 (1992).

Consonant with these principles, it has not been uncommon in Massachusetts for a defendant to be indicted and tried in a single proceeding for multiple crimes that indisputably constitute the "same offense" for double jeopardy purposes. See, e.g., *Commonwealth* v. *Chappee*, 397 Mass. 508, 523 (1986); *Commonwealth* v. *Figueroa*, 412 Mass. 745, 745-746 & n.1 (1992); *Commonwealth* v. *Owens*, 414 Mass. 595, 608 (1993); *Commonwealth* v. *Nascimento*, 421 Mass. 677, 683 (1996) (involving simultaneous prosecution for stealing and receiving the same stolen property); *Commonwealth* v. *Filippidakis*, 29 Mass. App. Ct. 679, 679 n.1 (1991) (involving a greater and a lesser included offense). While such duplicative charges, if pressed in successive trials, would violate the double jeopardy rule, there is no constitutional or common law infraction where (1) all of the indictments are tried in a single proceeding and (2) the defendant ultimately is not subjected to multiple penalties for the same offense. See *Commonwealth* v. *DeCicco, ante* 111, 125-126 (1998) (defendant may not be subjected to multiple punishments for possession of infernal machine, G. L. c. 266, § 102A, and the wilful throwing of explosives at or near persons or property, G. L. c. 266, § 102, where former is lesser included offense of latter).

In view of the foregoing, there is no question that this defendant lawfully was tried for violations of both G. L. c. 265, § 18, and G. L. c. 265, § 15A. The only open question then is whether his multiple *sentences* transgress either the Commonwealth's common law double jeopardy rule or the due process clause of the Fifth Amendment to the Federal Constitution, at least as that provision was construed at the time the offenses here were committed. Although acknowledging that the two crimes of which he was convicted have mutually exclusive elements and so neither is technically a lesser included offense of the other, the defendant contends that because both convictions are predicated upon the same conduct, the multiple convictions are nonetheless prohibited.

We turn first to the defendant's State common law claim. The traditional rule in Massachusetts, as embodied by *Morey* v. *Commonwealth*, 108 Mass. 433, 434 (1871), and its progeny, is that a defendant properly may be punished for two crimes arising out of a single course of conduct provided that each requires proof of an element that the other does not. See *Kuklis* v. *Commonwealth*, 361 Mass. 302, 306-307 (1972). See also *Com-*

*monwealth* v. *Kiley*, 373 Mass. 454, 461 (1977); *Commonwealth* v. *Buckley*, 410 Mass. 209, 222 (1991). So long as each offense includes an additional element that the other does not, "neither crime is a lesser-included offense of the other, and convictions on both are deemed to have been authorized by the Legislature and hence not duplic[ative]." *Commonwealth* v. *Jones*, 382 Mass. 387, 393 (1981). Here, as already noted, the defendant was convicted of assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A, and armed assault with intent to murder, G. L. c. 265, § 18. The former requires proof of battery while the latter does not; and the latter offense demands proof of a specific intent to kill, while the former requires only 'a showing of a general intent. Under the rule in *Morey*, therefore, the defendant's multiple convictions and sentences were not improper.

The defendant argues, however, that the strict elements-based approach of *Morey* has been tempered somewhat over the years. He points, for example, to *Commonwealth* v. *Woods*, 414 Mass. 343, 347, cert. denied, 510 U.S. 815 (1993), in which the Supreme Judicial Court stated, quoting from *Grady* v. *Corbin*, 495 U.S. 508, 521 (1990), that in applying the double jeopardy rule "the critical inquiry is what *conduct* the State [must] prove, not the *evidence* the State will use to prove that conduct" (emphasis added in *Woods*). The court in *Woods*, 414 Mass. at 348 n.7, also stated, "[i]n light of double jeopardy concerns, if two offenses describe the same conduct, then we presume that the Legislature did not intend consecutive punishments." Consistent with this language, the defendant asserts that the double jeopardy rule is offended where, as here, proof of precisely the same conduct results in multiple punishments.

In support of this approach, the defendant points chiefly to *Commonwealth* v. *Jones*, 382 Mass. at 394, in which the Supreme Judicial Court determined that, although vehicular homicide is not technically a lesser included offense of manslaughter (that is, each offense contains an element the other does not), the defendant could not receive sentences for both, since, in the particular circumstances of that case, the two convictions were obtained through proof of exactly the same act, and, the court concluded on the basis of the legislative history of the former, the Legislature did not intend multiple punishments. The defendant also cites *Costarelli* v. *Commonwealth*, 374 Mass. 677, 683-684 (1978), in which the court

concluded that, based on the theft of a single automobile, multiple punishments for unauthorized use of a motor vehicle, G. L. c. 90, § 24(2)(*a*), and larceny of a motor vehicle, G. L. c. 266, § 28, would violate the Commonwealth's double jeopardy rule, despite the fact that neither is technically a lesser offense of the other under the *Morey* standard.[3] Finally, the defendant offers *Commonwealth* v. *St. Pierre*, 377 Mass. 650, 661-663 (1979), in which the court suggested that prosecution and punishment for mayhem, G. L. c. 265, § 14, and assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A, might be considered duplicative where both indictments stemmed from a single attack and the mayhem statute included language that could include assault and battery with a dangerous weapon; however, because concurrent sentences were imposed, the court concluded that both convictions could stand.

In each of these three cases, the court departed significantly from the mechanical elements-based rule endorsed in the venerable *Morey* decision in favor of an analysis that focused on whether multiple convictions are, in essence, based on the same criminal act. If this standard applies here, the defendant admittedly would have a strong argument — neither the indictments nor the plea colloquy attempt to identify discrete acts to the individual offenses charged. However, we conclude that — *at least as for punishments imposed in a single proceeding* — the Supreme Judicial Court has abandoned the type of conduct-based approach endorsed in *Costarelli*, *St. Pierre*, and *Jones*, in favor of the *Morey* test.

In *Commonwealth* v. *Crocker*, 384 Mass. 353, 357-361 (1981) — which postdates all of the decisions relied upon by the defendant — the Supreme Judicial Court permitted the imposition of multiple punishments for convictions of larceny by false pretenses, G. L. c. 266, § 30, and uttering a forged instrument, G. L. c. 267, § 5, despite the fact that both were premised on a single act (passing a forged check). The Supreme Judicial Court began its analysis by pointing out that the Legislature is empowered to authorize multiple punishments for the same offense provided that all offenses are tried in a single proceeding. *Id.* at 359-360 & n.7. The court then went on to conclude that

---

[3]The court, however, characterized use without authority as a lesser included offense of larceny of a motor vehicle, because the elements that are placed in issue in the use without authority prosecution are generally also elements of the offense of larceny. *Costarelli* v. *Commonwealth*, 374 Mass. at 684.

in determining, in any particular case, whether such authorization has been given, the elements-based standard set out in *Morey* is to be applied. *Id.* at 359-361. Where offenses are not technically lesser and greater crimes under that objective test, the Legislature is presumed, in the absence of other indication of legislative intent, to have intended multiple punishments: "Whether characterized as a constitutional requirement . . . or as a common law rule, the prohibition against duplic[ative] convictions at a single criminal proceeding is properly limited to ensuring that the court does not exceed its legislative authorization by imposing multiple punishments for a single legislatively defined offense. . . . In order to determine whether the Legislature in a given situation has authorized conviction and sentence under two statutory offenses, the *Morey* test provides a fitting rule of interpretation." *Id.* at 359-360. The court in *Crocker* also stated that same conduct analysis, to the extent that it has been incorporated into Massachusetts common law rule, applies only to instances of successive prosecution, not multiple charges tried in a single proceeding. *Id.* at 359 n.7.

The *Crocker* decision, 384 Mass. at 361, expressly overruled two prior decisions, *Commonwealth* v. *Cerveny*, 373 Mass. 345, 354-356 (1977), and *Commonwealth* v. *Catania*, 377 Mass. 186, 191 (1979), in which the Supreme Judicial Court had barred multiple punishments using what amounted to a conduct-based analysis.[4] Both cases — like *Crocker* — involved convictions of larceny by false pretenses and a related offense (uttering in *Catania* and perjury in a public record in *Cerveny*) arising out of a single act. Although *Crocker* did not expressly repudiate *Costarelli*, *St. Pierre*, or *Jones*, we conclude that such repudiation, to the extent those cases support use of a conduct-based analysis for multiple punishments imposed at a single trial, was implicit.[5] On this point, it is significant to note that in no case following *Crocker* has the Supreme Judicial Court applied the

---

[4]The court in both cases denied that it was departing from the *Morey* standard, but the court in *Crocker* determined that, in fact, it had done so in both instances. *Id.* at 361.

[5]We note that, quite apart from *Crocker*, there are difficulties in relying on either *Costarelli* or *St. Pierre* as support for the defendant's view. The *Costarelli* decision, 374 Mass. at 683-684, while arguably applying a conduct-based test, expressly purports to apply the *Morey* standard. See note 3, *supra*. As for *St. Pierre*, the Supreme Judicial Court ultimately did not provide the defendant with any relief, finding that, since concurrent sentences had been imposed, there was no prejudice. *Commonwealth* v. *St. Pierre*, 377 Mass. at

conduct-based standard with respect to sentences imposed at a single trial for offenses that are distinct under the *Morey* test.

The reasoning of *Crocker* was affirmed by the Supreme Judicial Court most recently in *Commonwealth* v. *Alvarez*, 413 Mass. 224, 232 (1992). There, relying on *Crocker*, the court opined that the elements-based test of *Morey* "is a principle of statutory construction designed to aid in the judicial interpretation of criminal statutes where the Legislature has not expressed an intent as to consecutive punishments." Consistent with this rule, and in the absence of other indication of legislative intent, see *Commonwealth* v. *Crocker*, 384 Mass. at 360, we conclude that, even if the indictments here stemmed from the same conduct, the fact that the two offenses have mutually exclusive elements constitutes a sufficient showing of legislative intent to overcome any double jeopardy restriction on multiple punishments. The defendant's sentences, therefore, were lawful under the Commonwealth's double jeopardy rule.

Nothing in *Commonwealth* v. *Sanchez*, 405 Mass. 369 (1989), mandates a different result. There, the Supreme Judicial Court held that the criminal acts supporting separate indictments for indecent assault and battery, G. L. c. 265, § 13B, and rape of a child, G. L. c. 265, § 23, were "so closely related in fact as to constitute in substance but a single crime." *Id.* at 381. On that basis, the court concluded that the defendant could not be punished for both. The crucial distinction in *Sanchez* is that the crimes charged were the "same offense" under the *Morey* test — i.e., § 13B is a lesser included offense of § 23 — a conclusion the court expressly reached. Whatever conduct-focused analysis occurred in *Sanchez* was solely for the purpose of determining whether the two charges related to wholly separate acts (which would permit separate punishments), not for the purpose of determining whether the offenses themselves were duplicative; the latter question already had been resolved by reference to *Morey*.[6] *Sanchez* is simply inapposite to the current situation. See *Commonwealth* v. *DeCicco, ante* at 126

---

663. In any event, *Crocker* renders reliance on both those cases unavailing. Moreover, the result in *Jones*, 382 Mass. at 393-394, was based on the conclusion that, "in the situation [t]here, the Legislature did not intend to permit convictions for both offenses." See *Commonwealth* v. *Crocker*, 384 Mass. at 360.

[6]The same approach was used in *Commonwealth* v. *Sullivan*, 20 Mass. App. Ct. 802, 809-810 (1985). After one offense was determined to be a lesser included offense of the other under the *Morey* standard, a conduct-based

(whether the burning of two dwellings resulting from setting a single fire constituted two separate arsons which would support multiple punishments).

We turn now to an analysis of the cognate Federal law. The defendant's argument fares no better under the Federal double jeopardy clause. Admittedly, at the time the underlying offenses were committed here, the United States Supreme Court had adopted a double jeopardy rule that was more favorable to the defendant than the one currently in force. In *Grady* v. *Corbin*, 495 U.S. 508 (1990), the Court held that even if two successive prosecutions were not barred by *Blockburger* v. *United States*, 284 U.S. 299, 304 (1932), the Federal counterpart of *Morey*, such prosecutions could be barred under a conduct-based analysis, similar to the one delineated in *Jones*. However, the Supreme Court reverted to a pure elements-based test approximately two years later in *United States* v. *Dixon*, 509 U.S. 688 (1993). Even assuming that due to the timing of the defendant's crimes, he is entitled to the benefit of the *possibly* more liberal standard of *Grady* v. *Corbin*, *supra*, it avails him nothing.

The holding in *Grady* was expressly limited to the context of successive prosecutions, leaving the earlier *Blockburger* rule in place with respect to cases of multiple punishments at a single trial. As the Supreme Court stated in *Grady*: "[T]he Double Jeopardy Clause bars a *subsequent prosecution* if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant *has already been prosecuted*" (emphasis supplied). *Grady* v. *Corbin*, 495 U.S. at 510. This limited reading of *Grady* is echoed in the Supreme Judicial Court's opinion in *Commonwealth* v. *Woods*, 414 Mass. at 349, in which the court said: "We read the *Grady* opinion as redefining the phrase 'same offense' in the double jeopardy clause. *Grady* substitutes for 'same offense' the phrase 'conduct that constitutes an offense for which the defendant has already been prosecuted' . . . ."

The notion that the *Grady* decision was directed only at situations involving subsequent prosecutions was further under-

---

analysis was used to determine whether the crimes were based on separate acts. As in *Sanchez*, however, the latter analysis in no way related to the underlying issue of whether the offenses were duplicative for double jeopardy purposes.

scored in *United States* v. *Dixon,* 509 U.S. at 697, the case that overruled *Grady,* in which the Supreme Court stated: "[W]e recently held in *Grady* that in addition to passing the *Block-burger* test, a *subsequent prosecution* must satisfy a 'same-conduct' test to avoid the double jeopardy bar." In view of its restricted scope, *Grady* affords the defendant no relief beyond that afforded by Massachusetts' common-law rule. His argument, therefore, fails regardless of under which constitutional rubric — State or Federal — it arises.

One last point: We are aware that our analysis leads to the conclusion that Massachusetts today enforces precisely the same double jeopardy rule as that adopted by the United States Supreme Court in *Grady* — i.e., a potentially conduct-based standard in instances of successive prosecution, but an elements-based approach in the context of multiple punishments imposed at a single trial — a position that was repudiated later by the Supreme Court in *United States* v. *Dixon,* 509 U.S. at 704.[7] However, *Crocker* points to that outcome. Indeed, as noted, that decision expressly adverts to the creation of a bifurcated rule, which applies different standards to instances of multiple punishments at a single trial versus successive prosecutions. See *Commonwealth* v. *Crocker,* 384 Mass. at 359 n.7. Moreover, the

---

[7]The Court stated in *Dixon,* 509 U.S. at 704: "[W]e have concluded . . . that *Grady* must be overruled. Unlike *Blockburger* analysis, whose definition of what prevents two crimes from being the 'same offence,' U.S. Const., Amdt. 5, has deep historical roots and has been accepted in numerous precedents of this Court, *Grady* lacks constitutional roots. The 'same-conduct' rule it announced is wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy. See, e.g., *Gavieres* v. *United States,* 220 U.S. at 345 (in subsequent prosecution, '[w]hile it is true that the conduct of the accused was one and the same, two offenses resulted, each of which had an element not embraced in the other')." On this basis, the Supreme Court flatly rejected the notion that the double jeopardy clause might require the application of different definitions of "same offense" in the context of successive prosecution versus multiple punishments: "[W]e have often noted that the Clause serves the function of preventing both successive punishment and successive prosecution, see, e.g., *North Carolina* v. *Pearce,* 395 U.S. 711 (1969), but there is *no* authority, except *Grady,* for the proposition that it has different meanings in the two contexts. That is perhaps because it is embarrassing to assert that the single term 'same offence' (the words of the Fifth Amendment at issue here) has two different meanings — that what *is* the same offense is yet *not* the same offense." (Emphasis original.) *Id.* at 704.

Supreme Judicial Court in *Commonwealth* v. *Woods*, 414 Mass.
at 347-351, appeared to endorse the approach taken by its
Federal counterpart in *Grady* — and, as noted already, the
Supreme Judicial Court has not had an occasion to revisit the
issue since *Grady*. Finally, beyond providing decreased protec-
tion, we observe that at least some members of the current
Supreme Court have argued that the Federal double jeopardy
rule offers *no* protection whatsoever against multiple punish-
ments — only multiple prosecutions, see *Department of Revenue
of Montana* v. *Kurth Ranch*, 511 U.S. 767, 798 (1994) (Scalia,
J., dissenting) (" '[t]o be put in jeopardy' does not remotely
mean 'to be punished,' so by its terms this provision prohibits,
not multiple punishments, but only multiple prosecutions"), a
position which seems to be finding at least some wider support
in the Supreme Court's most recent pronouncements on the is-
sue, see *Hudson* v. *United States*, 118 S. Ct. 488, 497 (1997)
(Scalia, J., concurring).

In any event, further shifts in the Massachusetts approach to
double jeopardy protection are not a matter for this court. It
may be that the apparent differences between the treatments of
cases involving successive prosecutions are entirely attributable
to common-law principles of collateral estoppel (as the Supreme
Court suggested in *United States* v. *Dixon*, 509 U.S. at 705), a
concept that has no relevance to situations involving multiple
punishments imposed at a single trial.[8] Such questions, however,
are for the Supreme Judicial Court to resolve. See in this regard

---

[8]In the criminal context, collateral estoppel bars relitigation of any specific
issues "necessarily decided" at a previous trial. "[W]hen an issue of ultimate
fact has once been determined by a valid and final judgment, that issue cannot
again be litigated between the same parties in any future lawsuit." *Com-
monwealth* v. *Pero*, 402 Mass. 476, 477 (1988), quoting from *Ashe* v. *Swen-
son*, 397 U.S. 436, 443 (1970). See *Carrasquillo* v. *Commonwealth*, 422
Mass. 1014 (1996) (defendant may be tried for conspiracy to commit murder
after acquittal on charges of first-degree murder). Collateral estoppel, therefore,
may bar prosecution for an offense if a defendant previously has been acquit-
ted of a factually related offense and "one of the issues *necessarily decided* at
the first trial is an essential element of the alleged crime in the second trial"
(emphasis supplied). *Commonwealth* v. *Benson*, 389 Mass. 473, 478 (1983).
However, the burden of establishing that an issue, in fact, has been decided
previously rests with the defendant, and the scope of the protection is nar-
rowly drawn. See *id.* at 478, 481-482.

Kaplan, Do Intermediate Appellate Courts Have a Lawmaking Function?, 70 Mass. L. Rev. 10 (1985).

> *Order revoking probation and imposing prison sentence affirmed.*