The narrow issue here is whether a Juvenile Court judge erred in vacating, on double jeopardy grounds, a jury verdict adjudicating the defendant a youthful offender. We hold that there was error.
On December 11, 1998, at about 7:00 a.m., the defendant, who was then a fourteen year old juvenile, took his brother’s Jeep and drove toward a bus stop on Clark and Evergreen Streets in Lakeville. The juvenile dropped off three passengers who joined a group of other students waiting for the school bus to arrive. He “peeled out,” reaching a speed of 30 m.p.h. in a 20 m.p.h. posted zone. Moments later, he drove back to the bus stop, backed up about thirty feet onto an unpaved surface of the road, revved the engine, and “shot-out” toward a cluster of students at the stop. He struck a nearby telephone pole. The Jeep ricocheted, and its front end hit a girl from behind. The impact elevated her about two feet off the ground. She landed on her face and suffered two chipped front teeth, a fracture of her hand, numerous bruises and abrasions, and lacerations that required fifteen sutures.
On the same day, complaints issued from the Brockton Juvenile Court charging the juvenile with unauthorized use of a motor vehicle (G. L. c. 90, § 24); unlicensed operation of a motor vehicle (G. L. c. 90, § 10); operating an unregistered motor vehicle (G. L. c. 90, § 9); operating an uninsured motor vehicle (G. L. c. 90, § 34J); and negligent operation of a motor vehicle so as to endanger (G. L. c. 90, § 24). Approximately one week later, on December 16, 1998, the juvenile tendered a plea of delinquent to those charges, and a judge of the Juvenile Court committed him to the Department of Youth Services, after finding sufficient facts to warrant adjudication. His admission to these five charges formed the basis for his surrender in violation of a previously imposed probation.
On February 19, 1999, a Plymouth County grand jury returned two indictments against him as a youthful offender pursuant to G. L. c. 119, § 54. The new charges emanated from the occurrence at the bus stop: assault and battery by means of a dangerous weapon, a motor vehicle (see G. L. c. 265, § 15A[¿>]); and reckless operation of a motor vehicle. Prior to trial, the defendant moved to dismiss the reckless operation charge, asserting that it was duplicative of the charges for which he had previously been adjudicated delinquent. On its own volition, the Commonwealth dismissed the reckless operation charge.
After the juvenile was found guilty by a six-person jury of assault and battery by means of a dangerous weapon, the same judge, sua sponte, vacated the *878 verdict and dismissed the indictment on the ground that the juvenile’s earlier plea to the delinquency complaint of negligent operation so as to endanger precluded subsequent prosecution for the assault charge. The Commonwealth appeals.
We have acknowledged that a defendant may waive the defense of double jeopardy. See Commonwealth v. Spear, 43 Mass. App. Ct. 583, 586-589 (1997). “[T]he Double Jeopardy Clause . . . does not relieve a defendant from the consequences of his voluntary choice.” Lydon v. Commonwealth, 381 Mass. 356, 365-366 (1980), cert. denied, 449 U.S. 1065 (1980), quoting from United States v. Scott, 437 U.S. 82, 99 (1978). See United States v. DiPietro, 936 F.2d 6, 9 & n.13 (1st Cir. 1991) (listing cases where defendants waived double jeopardy defense by their actions).
At the plea hearing on the five original complaints, the prosecutor specifically informed the plea judge, in the presence of the juvenile and his counsel, that the Commonwealth would be serving an additional complaint against him for assault and battery with a dangerous weapon. The judge then explained to the juvenile that “there could be other charges that are going to be brought against you,” that “the District Attorney’s office says that the police are here taking out applications for a complaint,” and that he “could be charged with things like hitting the girl with the Jeep, assault and battery, or assault and battery by means of a dangerous weapon or something.” The juvenile acknowledged his understanding prior to entering his pleas. In these circumstances, he waived his right to assert double jeopardy in subsequent proceedings involving different offenses arising out of the same occurrence. See Ricketts v. Adamson, 483 U.S. 1, 10-11 (1987) (double jeopardy defense waived by pretrial agreement).
Even in the absence of a knowing and intelligent waiver, courts have stated that the proper time for determining the validity of a defense of double jeopardy is prior to the proceeding that would offend the protected rights. See Commonwealth v. Spear, supra at 586, and cases cited. Here, the juvenile did not timely raise the defense of double jeopardy. He neglected to file the proper motion to dismiss the assault and battery charge prior to the commencement of the trial. See Mass.R.Crim.P. 13(c)(2), 378 Mass. 873 (1979). See also, e.g., Commonwealth v. Dunnington, 390 Mass. 472, 479 (1983) (waiver for failing to assert defense prior to de novo jury trial following bench trial); Commonwealth v. Deeran, 397 Mass. 136, 141-142 (1986) (waiver for failing to assert defense in first motion for new trial).
Even if we were to assume that the second judge’s posttrial consideration of the double jeopardy question resurrected the issue, a doubtful proposition at best, it is not clear that it would change our conclusion. The double jeopardy clause applies to a second prosecution for the same offense after conviction. The critical question is whether the “same offense” is involved in regard to the second prosecution. See Morey v. Commonwealth, 108 Mass. 433, 434 (1871). No question exists that the elements to be proved for the two offenses, claimed to be duplicative — assault and battery with a dangerous weapon and negligent operation of a motor vehicle so as to endanger — are discrete, thus satisfying the Morey test. See ibid.; Commonwealth v. Arriaga, 44 Mass. App. Ct. 382, 385-386 (1998). See also Blockburger v. United States, 284 U.S. 299, 304 (1932); United States v. Dixon, 509 U.S. 688, 704 (1993).
However, the question remains open whether, under Massachusetts common *879 law, see Commonwealth v. Woods, 414 Mass. 343, 346, cert. denied, 510 U.S. 815 (1993), a different standard applies to instances, as here, where multiple punishments were imposed after successive prosecutions rather than after a single trial that resulted in multiple punishments. See id. at 346-350. See also Commonwealth v. Arriaga, 44 Mass. App. Ct. at 391-392; Commonwealth v. Garcia, 48 Mass. App. Ct. 201, 205 (1999). Recent decisions of the Supreme Judicial Court fortify our view that the distinction would not change the result. Cf. Commonwealth v. Mullins, 428 Mass. 406, 416 & n.16 (1998); Commonwealth v. Rabb, 431 Mass. 123, 127 (2000) (dictum). However, as we suggested in Commonwealth v. Arriaga, supra at 392, “[s]uch questions are for the Supreme Judicial Court to resolve.”
Gail M. McKenna, Assistant District Attorney, for the Commonwealth.
David R. Cartmill for the defendant.
The June 16, 1999, order vacating the jury verdict and dismissing the indictment is reversed. The jury’s verdict adjudicating the defendant a youthful offender by reason of assault and battery by means of a dangerous weapon is reinstated. The sentence is to be imposed in the Juvenile Court.

So ordered.