COMMONWEALTH vs. FIDEL DIAZ.

No. 99-P-2084.

Plymouth. June 4, 2001. - November 8, 2001.

Present: DUFFLY, CYPHER, & MASON, JJ.

*Assault by Means of a Dangerous Weapon. Mayhem. Practice, Criminal,*
    Duplicative convictions, Lesser included offense, Law of the case. *Armed*
    *Assault with Intent to Murder. Intent.*

Where a defendant was convicted of mayhem, charged under the second por-
    tion of G. L. c. 265, § 14, and of assault and battery by means of a danger-
    ous weapon, based on a single course of conduct (a knife attack), such as-
    sault and battery was a lesser included offense of mayhem and the
    conviction was duplicative. [211]
Where the elements of assault and battery by means of a dangerous weapon
    were not identical to the elements of armed assault with intent to murder,
    multiple convictions on the two charges were not duplicative, and the
    judge properly imposed multiple punishments; further, there was no merit
    to the contention of the defendant that the judge erroneously instructed the
    jury that the armed assault with intent to murder required proof of a bat-
    tery and that, in turn, this instruction became the law of the case and had
    the effect of making armed assault with intent to murder, for purposes of
    this case only, a lesser included offense of the charge of assault and battery
    by means of a dangerous weapon. [211-213]
Because a criminal defendant could harbor, simultaneously, the intent to maim
    and the intent to murder, this court declined to grant the defendant a new
    trial on both crimes, or alternatively, to vacate the conviction on the less
    serious offense. [213-214]

INDICTMENTS found and returned in the Superior Court Depart-
ment on November 7, 1995.

The cases were tried before *Charles J. Hely*, J.

*Nadell Hill* for the defendant.

*Christina L. Crowley*, Assistant District Attorney, for the
Commonwealth.

CYPHER, J. A jury convicted the defendant of the following
charges: (1) armed assault with intent to murder Bernard French;

(2) mayhem (second branch)[1] upon Bernard French; (3) assault and battery by means of a dangerous weapon upon Bernard French; (4) armed assault with intent to murder Francis Capone; and (5) assault and battery by means of dangerous weapon upon Francis Capone. The defendant conceded during his jury trial that he attacked and cut two fellow inmates with a razor. The theory of the defense was that he lacked the requisite intent because of mental health problems, as shown by his numerous hospitalizations at Bridgewater State Hospital. Each of the defendant's arguments on appeal concerns whether the convictions, when viewed in relation to each other, may stand. We vacate the conviction for assault and battery with a dangerous weapon as to French and affirm the remaining convictions.

1. *Facts.* In the early afternoon, French was lying down on his bed in his cell. The defendant entered, jumped on him, and started cutting his face. The defendant called French a snitch and accused him of telling guards that the defendant had excess canteen items in his cell. The attack lasted a couple of minutes and the defendant left. French required 350 stitches, mostly to his face. His earlobe, which was "hanging by a thread," had to be reconnected through plastic surgery. French also required stitches on his right hand.

Capone was using the toilet in a different cell, behind a sheet hung for privacy, when he heard someone "hollering that he was going to kill rats." The yelling became louder until the defendant pulled down the sheet. Capone felt something like the defendant's thumb hit his face. Capone saw blood hit the wall. Capone stood up, pulled up his pants and wrapped the sheet around his arm so he could defend himself. The defendant called him a rat and said he was going to kill him. The defendant tried to strike Capone. Capone put his arm up to defend himself and received a nine inch gash on his arm. Capone ran out of his cell, and the defendant chased him to the common area. Capone required medical care, including plastic surgery, for a slash

---

[1]General Laws c. 265, § 14, has two bases of liability. The Commonwealth proceeded on the second basis: "[W]hoever, with intent to maim or disfigure, assaults another person with a dangerous weapon, substance or chemical, and by such assault disfigures, cripples or inflicts serious or permanent physical injury upon such person . . . ."

down his right eye, damage to the right side of his forehead and his right cheek, and the gash to his left arm.

2. *Duplicative convictions.* a. *Assault and battery with a dangerous weapon and mayhem.* On appeal, the defendant argues, with regard to his attack on French, that his conviction for assault and battery by means of a dangerous weapon is duplicative of his conviction for mayhem because the two charges arise from a single course of conduct — the knife attack.[2] Assault and battery by means of a dangerous weapon is, as the Commonwealth correctly concedes, a lesser included offense of the second branch mayhem. *Commonwealth* v. *Martin,* 425 Mass. 718, 722 (1997). *Commonwealth* v. *Simpson,* 428 Mass. 646, 655 (1999). Accordingly, the conviction for assault and battery by means of a dangerous weapon is vacated. *Commonwealth* v. *Martin, supra* at 722-723.

b. *Assault and battery by means of a dangerous weapon and armed assault with intent to murder.* The defendant argues that his convictions for assault and battery by means of a dangerous weapon are duplicative of his convictions for armed assault with intent to murder.[3] The defendant concedes that assault and battery by means of a dangerous weapon is not technically a lesser included offense of the armed assault, but argues that, because the two charges pertaining to Capone were based on a single criminal episode, he could only be convicted of one crime.

That argument has been considered and rejected by this court in *Commonwealth* v. *Arriaga,* 44 Mass. App. Ct. 382, 389 (1998).[4] But see *Commonwealth* v. *Crocker,* 384 Mass. 353, 360-361 (1981). "The rule in Massachusetts is that '[a] single

---

[2]The only challenge on appeal to the mayhem conviction is set forth in the defendant's third argument where he suggests that his conviction for armed assault with intent to murder is inconsistent with his conviction for mayhem.

[3]Because the conviction for assault and battery by means of a dangerous weapon on French is vacated, the defendant's argument applies only to his attack on Capone.

[4]It appears that the Supreme Judicial Court has not totally abandoned the test of whether crimes are "so closely related in fact as to constitute in substance but a single crime." *Commonwealth* v. *Maldonado,* 429 Mass. 502, 509 (1999) (citation omitted). See *Commonwealth* v. *Wolinski,* 431 Mass. 228, 238-239 (2000) (after applying the *Morey* same element test, *Morey* v. *Commonwealth,* 108 Mass. 433, 434 [1871], the court continued: "Morever, the jury could have reasonably concluded that the crimes were not so closely

act may be an offen[s]e against two statutes; and if *each* [emphasis original] statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' *Kuklis* v. *Commonwealth*, 361 Mass. 302, 306 (1972) . . . . 'So long as each offense includes an additional element that the other does not, "neither crime is a lesser-included offense of the other, and convictions on both are deemed to have been authorized by the Legislature and hence not duplic[ative]." ' *Commonwealth* v. *Arriaga*, [*supra* at] 386 . . . ." *Commonwealth* v. *Johnson*, 45 Mass. App. Ct. 473, 479 (1998). This rule applies as long as the offenses are tried in the same proceeding. *Commonwealth* v. *Arriaga*, *supra* at 383-385. *Commonwealth* v. *Smith*, 44 Mass. App. Ct. 394, 396 (1998).

The charges at issue in *Arriaga* were identical to the charges the defendant claims are duplicative in this case. The court plainly stated in *Arriaga* that assault and battery by means of a dangerous weapon "requires proof of battery," while armed assault with intent to murder "does not; and the latter offense demands proof of a specific intent to kill, while the former requires only a showing of general intent." *Commonwealth* v. *Arriaga*, *supra* at 386. Because the elements of assault and battery by means of a dangerous weapon are not identical to the elements of armed assault with intent to murder, the multiple convictions were not duplicative, and the judge could properly impose multiple punishments.[5]

Alternatively, the defendant contends that the judge errone-

---

linked as to create a single crime"). See also *Commonwealth* v. *Morin*, 52 Mass. App. Ct. 780, 787 (2001) ("[i]n addition to the *Morey* rule, the court also, at times, considers whether the actions of the defendant were so closely related in fact as to constitute in substance but a single crime"). Notwithstanding whether the analysis is viable, it does not assist the defendant here because he committed multiple violent acts on each victim. See *Commonwealth* v. *Wolinksi*, *supra* (series of violent acts were not necessarily so linked as to constitute a single crime). Contrast *Commonwealth* v. *Morin*, *supra* at 787-788.

[5]The defendant cites *Commonwealth* v. *Simpson*, *supra*, to bolster his position that the convictions ought to be viewed as duplicative. That case states, "The defendant does not here challenge as duplicative his conviction and the imposition of a sentence for assault and battery by means of a dangerous weapon, a hammer, which is to be served concurrently with his sentence for

ously instructed the jury that armed assault with intent to murder required proof of a battery. In turn, he argues that this instruction became the law of the case, see *Commonwealth* v. *Pinero*, 49 Mass. App. Ct. 397, 399 (2000), and had the effect of making armed assault with the intent to murder, for purposes of this case only, a lesser included offense of the charge of assault and battery by means of a dangerous weapon. There is no merit to the defendant's argument. The judge properly explained the crime of armed assault and only at the conclusion of the charge mentioned that an assault *may include* the intentional application of force to another's body (in other words, a battery). The instruction was correct. Compare *Commonwealth* v. *Burke*, 390 Mass. 480, 482 (1983) ("[e]very battery includes an assault").[6]

3. *Inconsistent intent.* The defendant argues that a person cannot harbor, simultaneously, the intent to maim and the intent to murder because the two states of mind are inconsistent. Therefore, the defendant urges this court to grant him a new trial on both crimes, or alternatively, to vacate the conviction on the less serious offense. Experience shows that the human mind is capable of simultaneously harboring inconsistent intent, and case law is in accord with this understanding. See *Commonwealth* v. *Domingue*, 18 Mass. App. Ct. 987, 990 (1984)

---

armed assault with intent to murder with a hammer. As to this concurrent sentence, we see no substantial risk of a miscarriage of justice, even if the sentence is duplicative." *Id.* at 655. As discussed previously, assault and battery by means of a dangerous weapon is not a lesser included offense of armed assault with intent to murder. *Commonwealth* v. *Arriaga, supra.* Furthermore, the passage may be circumstance dependent, as evidenced by the fact that *if* the convictions were duplicative, then even concurrent sentences for a lesser included offense should be vacated in light of the potential collateral consequences attendant to convictions. See *Commonwealth* v. *Martin*, 425 Mass. 718, 722-723 (1997); *Commonwealth* v. *Gunter*, 427 Mass. 259, 275 (1998); *Commonwealth* v. *Hoilett*, 430 Mass. 369, 376 (1999).

[6]Even if we interpreted the instruction as the defendant urges, that an additional element of battery was thereby imposed, the defendant would still not prevail on this point because an element distinguishing the two crimes would remain. Armed assault with the intent to murder does not require proof that the assault was committed by use of the weapon, whereas assault and battery by means of a dangerous weapon does. In addition, armed assault with the intent to murder requires proof of a specific intent to kill, while assault and battery by means of a dangerous weapon does not. *Commonwealth* v. *Arriaga, supra.*

(defendant properly convicted of assault by means of a dangerous weapon and malicious destruction of property on the basis of a single gunshot despite his argument that he could not have had the "specific intent to do two mutually exclusive acts"). Compare *State* v. *Jenkins*, 307 Md. 501, 515-516 (1986) (intent required for armed assault with intent to murder and assault with intent to maim [mayhem under our statues] are inconsistent or mutually exclusive but may be held disjunctively).

4. *Conclusion.* The conviction for assault and battery by means of a dangerous weapon on Bernard French is vacated, the verdict is set aside, and the remaining convictions are affirmed.

*So ordered.*