Fabricant, Judith, J.
INTRODUCTION
This matter is before the Court for proceedings on a probation surrender. The defendantnowcontends, some three years after he pled guilty to four indictments, that his conviction of the offense for which he was placed on probation must be vacated, and the indictment dismissed, because that conviction violated the prohibition against double jeopardy. For the reasons that will be explained, his motion to dismiss will be denied.[1]
BACKGROUND
The criminal proceedings against the defendant, Paul Matchett, arise from an incident on May 11, 2003, when he was operating a motor vehicle on Route 1A in the Town of Norfolk. He collided with another vehicle operated by one Gustavo Garrido, who died as a result of the collision. On July 31, 2003, the grand jury for Norfolk County returned nine indictments against the defendant, including indictment no. 002, charging violation of G.L.c. 90, §24G(b) by motor vehicle homicide while operating under the influence of drugs, and indictment no. 004, charging violation of the same statutory provision by motor vehicle homicide by reckless operation. On February 2, 2004, Matchett pled guilty to both of those indictments, as well as to indictment no. 007, charging possession of a hypodermic needle or syringe, in violation of G.L.c. 94c, §27(a), and indictment no. 008, charging operation of a motor vehicle after suspension or revocation of license, in violation of G.L.c. 90, §23. In return for the plea, the Commonwealth moved to dismiss the five other indict *452 ments, which the Court allowed. Based on an agreed recommendation, the Court sentenced Matchett to two and one-half years in the house of correction on indictment no. 002, with ten days concurrent on indictment no. 008, to be followed by six years probation on Indictment no. 004. Indictment 007 was placed on file with a finding of guilty. The Court dismissed the remaining indictments.[2] The docket reflects that counsel had been appointed at arraignment, and that a written waiver of defendant’s rights was filed at the time of the change of plea. The defendant does not claim that his plea was other than voluntary, knowing, and intelligent.
The defendant served his committed sentence and was released in 2005. He then began serving his six-year term of probation. In November of 2005, he was brought before the Court on an alleged violation of the conditions of his probation. On December 15, 2005, he filed the present motion, seeking in substance to vacate the conviction on indictment no. 004, and dismiss the underlying indictment, as duplicative of indictment no. 002, for which he has already served his incarcerated sentence.
DISCUSSION
To determine whether a defendant may lawfully be punished for two separate crimes based on a single act, the Court considers whether each crime requires “proof of an additional fact that the other does not.” See Commonwealth v. Buckley, 410 Mass. 209, 222 (1991), quoting Morey v. Commonwealth, 108 Mass. 433, 434 (1871). Here, the two indictments in question charged violation of the same statute, based on the same conduct. The statute in issue provides punishment for one who causes the death of another by operating a motor vehicle under any of a list of prohibited conditions or circumstances.[3] The only difference between the two indictments was in the prohibited condition specified. These conditions are not separate elements; rather, they are alternative means of proving the element of operating under one or more of the specified conditions. Thus, the two indictments were duplicative, and the defendant was entitled to avoid separate sentences on them. See Fadden v. Commonwealth, 376 Mass. 604, 610 (1978).
However, a defendant is free to waive the protection against double jeopardy. See Ricketts v. Adamson, 483 U.S. 1, 12 (1987) (finding waiver in defendant’s acceptance of plea agreement). A defendant may effect a waiver not only by doing so consciously and explicitly, but also by failing to object prior to the proceeding that would offend the protected rights. Thus, where a trial is held, a defendant waives a double jeopardy claim by failing to raise it before trial. See Commonwealth v. Green, 52 Mass.App.Ct. 98, 102 (2001); Commonwealth v. Spear, 43 Mass.App.Ct. 583, 586 (1997). Similarly, a defendant who pleads guilty, voluntarily and with counsel, waives any claim that the prosecution constitutes double jeopardy. See United States v. Broce, 488 U.S. 563, 573 (1989);[4] Commonwealth v. Bennett, 52 Mass.App.Ct. 905, 906 (2001) (waiver by guilty plea). Accord United States v. Leyland, 277 F. 3d 628, 632 (2nd Cir. 2002); United States v. Makres, 937 F.2d 1282, 1286 (7th Cir. 1991); United States v. Pratt, 657 F.2d 218, 218-19 (8th Cir. 1981); Brown v. Maryland, 618 F.2d 1057, 1059 (4th Cir. 1980); Mapp v. Indiana, 770 N.E.2d 332, 334 (Ind. 2002); Idaho v. Armstrong, 904 P.2d 578, 580 (Idaho Ct.App. 1995); Melvin v. Florida, 645 So.2d 448, 449 (Fla. 1994); Nebraska v. Start, 477 N.W.2d 20, 22 (Neb. 1991); New York v. Prescott, 486 N.E.2d 813, 815 (N.Y. 1985); Nelson v. Wisconsin, 193 N.W.2d 704, 707 (Wis. 1972).
Here, the defendant pled guilty to the two indictments that he now contends are duplicative, along with two other indictments. He did so with advice of counsel, and no contention is made that his plea was anything other than voluntary. He received substantial consideration for his plea; five indictments were dismissed, one was placed on file, and he was sentenced on the others according to an agreed recommendation under which he avoided state prison, and served a period of time in the House of Correction that might fairly be viewed as brief in relation to the seriousness of the offense. By entering his guilty plea, the defendant waived the claim of double jeopardy that he now seeks to assert.
CONCLUSION
For the reasons stated, the defendant’s Motion to Dismiss is DENIED.

 Although labeled a motion to dismiss, the defendant’s motion seeks in substance to vacate the conviction. The Court accordingly treats the motion as one pursuant to Mass.R.Crim.P. 30(a) or (b).

 The parties have not provided a transcript of the plea hearing, nor does it appear that any written plea agreement existed.

 General Laws c. 90, §24G(b), provides in pertinent part as follows:
Whoever, upon any way or in any place to which the public has a right of access or upon any way or in any place to which members of the public have access as invitees or licensees, operates a motor vehicle . . . while under the influence of intoxicating liquor, or of marihuana, narcotic drugs, depressants or stimulant substances ... or whoever operates a motor vehicle recklessly or negligently so that the lives or safety of the public might be endangered and by any such operation causes the death of another person, shall be guilty of homicide by a motor vehicle and shall be punished . . .

 The language of the Supreme Court in Boce, 488 U.S. at 569, bears noting:
A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack . . . The general rule applies here to the double jeopardy claim.