COMMONWEALTH *vs.* MARK D. LENDER.

No. 98-P-20.

Plymouth. February 11, 1999. - June 23, 1999.

Present: LENK, GILLERMAN, & RAPOZA, JJ.

*Jurisdiction,* Juvenile Court, Superior Court. *Practice, Criminal,* Indictment, Complaint. *Rape.*

The Superior Court, and not the Juvenile Court, has jurisdiction over indictments alleging a violation of G. L. c. 119, § 63. [165-167]

At the trial of indictments for rape of a child, the judge did not abuse his discretion in permitting the prosecutor to ask a single arguably leading question [167]; and there was sufficient evidence of penetration to warrant the judge's denial of the defendant's motion for a required finding of not guilty [167].

INDICTMENTS found and returned in the Superior Court Department on May 13, 1996.

The cases were tried before *Patrick F. Brady*, J.

*Richard J. Shea* for the defendant.

*Mary E. Mullaney*, Assistant District Attorney, for the Commonwealth.

LENK, J. A Plymouth County grand jury in May, 1996, returned three indictments against the defendant, Mark D. Lender: rape of child by tongue in vagina, G. L. c. 265, § 23; rape of child by finger in vagina, G. L. c. 265, § 23; and contributing to the delinquency of a child, G. L. c. 119, § 63. After trial in Superior Court in February, 1997, the adult defendant was convicted of the three charges. On appeal, he makes three claims: (a) that the verdict and sentence imposed for the charge of contributing to the delinquency of a minor were illegal because the Superior Court lacked jurisdiction; (b) that the trial judge abused his discretion in permitting the prosecutor to pose a leading question concerning digital penetration; and (c) that the trial judge erred in denying his motion for

a required finding of not guilty on the indictment charging oral intercourse where there was insufficient evidence of penetration. Only the first claim warrants sustained discussion.

Reduced to essentials, the defendant claims that the Juvenile Court has exclusive jurisdiction to hear the charge of contributing to the delinquency of a minor under G. L. c. 119, § 63. That statute, as amended by St. 1996, c. 200, § 8; St. 1996, c. 450, § 162, provides as follows:

> "Any person who shall be found to have caused, induced, abetted, or encouraged or contributed toward the delinquency of a child, or to have acted in any way tending to cause or induce such delinquency, may be punished by a fine of not more than five hundred dollars or by imprisonment of not more than one year, or both. The court may release on probation under section eighty-seven of chapter two hundred and seventy-six, subject to such orders as it may make as to future conduct tending to cause, induce or contribute to such delinquency, or it may suspend sentence under section one of chapter two hundred and seventy-nine, or before trial, with the defendant's consent, it may allow the defendant to enter into a recognizance, in such penal sum as the court may fix, conditioned to comply with such terms as the court may order for the promotion of the future welfare of the child, and the said case may then be placed on file. The provisions for recognizance in section fifty-six shall be applicable to cases arising hereunder. The divisions of the juvenile court department shall, within their respective territorial limits, have exclusive jurisdiction over complaints alleging violation of this section."[1]

The defendant argues that the last sentence vesting exclusive jurisdiction in the Juvenile Court over complaints for violations of the section must be read broadly such that the word "complaint" would be the equivalent of "formal allegation or charge against a party" and would include not only the complaint process for initiating court proceedings but also the

---

[1] The statute as it existed at the time of the indictments was the same as after the 1996 amendments in all respects material to this appeal. The 1996 amendments deleted "appeal and" preceding "recognizance" in the third sentence and deleted "waywardness or" preceding "delinquency" in two places in the first sentence.

indictment process of the grand jury. The defendant's suggested reading of the statute is unsound.

We began with several fundamental propositions. First, the Legislature has the power to define and expand the jurisdiction of the trial courts. *Charles C.* v. *Commonwealth*, 415 Mass. 58, 63 (1993). Second, the Legislature has vested "original jurisdiction of all crimes" in the Superior Court. G. L. c. 212, §§ 1, 6. In contrast, the jurisdiction of the District Court and the Juvenile Court is more limited and is specifically defined by statute. The jurisdiction of the Juvenile Court is set forth in c. 119. Third, well-established processes of initiating court proceedings by way of complaint and indictment are of long standing and are of undoubted familiarity to the Legislature.

Section 63 of c. 119 expressly grants the Juvenile Court exclusive jurisdiction only of "complaints" charged under that section. No mention is made of jurisdiction over indictments. Central to the defendant's argument is that we construe the meaning of "complaint" as well as the legislative silence concerning "indictment" in § 63, in isolation from other sections of the same statute, where the Legislature has in fact carefully differentiated between indictments and complaints in conferring jurisdiction. In 1996, by way of example, the Legislature amended G. L. c. 119, §§ 54, 58, 60A, 65, and 72, to include the indictment process for so-called youthful offenders. Earlier, the Legislature had amended other sections of the statute to enlarge the jurisdiction of the Juvenile Court and the juvenile session of the District Court "to include jurisdiction in the nature of criminal jurisdiction over juvenile murder cases . . . [and] to revise the procedure for the initiation of a murder charge against a juvenile to include the use of an indictment to bring the charge." *Charles C.* v. *Commonwealth*, 415 Mass. at 64. Nothing in § 63 suggests that the word "complaint" as used therein should be given a meaning different from the one given in other parts of c. 119. See *Plymouth County Nuclear Information Comm., Inc.* v. *Energy Facilities Siting Council*, 374 Mass. 236, 240 (1978). Had the Legislature understood the word "complaint" in the encompassing manner that the defendant urges, the need for amendments explicitly adding the word "indictment" would be difficult to discern.

Were these amendments and additions not enough to demonstrate that the meaning of the word "complaint" used throughout c. 119 does not include "indictment," our confidence

that the Legislature did not confer exclusive jurisdiction in the Juvenile Court over indictments alleging violations of § 63 would only be buttressed by the fact that the Legislature in 1996 did not amend § 63 in this regard when it was amending that section in other respects. Otherwise put, we ascribe meaning to the fact that the Legislature added the word "indictment" to five sections of c. 119 in 1996 but failed to do so with respect to § 63. The Superior Court and not the Juvenile Court accordingly had jurisdiction over the indictment charging the defendant with violation of G. L. c. 119, § 63.

The defendant's two remaining claims are without merit. The trial judge did not abuse his discretion in allowing the prosecutor to ask the minor victim a question which we assume, but do not decide, is leading. First, the context for the question. The minor victim had testified that the defendant performed oral sex on her. When asked to describe what she meant by oral sex, she replied, "He ate me out." The prosecutor asked her to explain what the defendant did but the victim said she did not know how to explain it. The prosecutor then asked, over objection, "Did he place one of his body parts inside you?," to which the victim answered, "His finger." The trial judge properly exercised his discretion in permitting this question.

There is yet less merit in the defendant's contention that there was insufficient evidence of penetration by the defendant's tongue. The victim testified that the defendant's tongue touched her vagina. No more is necessary. *Commonwealth* v. *Baldwin*, 24 Mass. App. Ct. 200, 204-205 (1987). *Commonwealth* v. *Edward*, 34 Mass. App. Ct. 521, 523 (1993).

*Judgments affirmed.*