COMMONWEALTH *vs.* DONNA M. GARCIA.

No. 98-P-1198.

Bristol. October 12, 1999. - November 12, 1999.

Present: KASS, KAPLAN, & GILINAS, JJ.

*Jurisdiction,* Delinquent child, Juvenile Court. *Delinquent Child. Juvenile Court,* Delinquent child.

At the trial of a criminal complaint alleging that the defendant received stolen property from a minor in violation of G. L. c. 119, § 63, the evidence was not sufficient to warrant a finding that the defendant knew that the property in the possession of the minor was stolen, and the judge should have allowed the defendant's motion for a required finding of not guilty. [203-205]

COMPLAINT received and sworn to in the New Bedford Division of the Juvenile Court Department on June 9, 1997.

On transfer to the Fall River Division of the Juvenile Court Department, the case was heard by *James M. Cronin,* J.

The case was submitted on briefs.

*David A. Jorge* for the defendant.

*Elspeth B. Cypher*, Assistant District Attorney, for the Commonwealth.

KAPLAN, J. Upon a complaint charging her with the crime colloquially called "contributing to the delinquency of a minor," see G. L. c. 119, § 63 (text reproduced in the margin),[1] the

---

[1] "Any person who shall be found to have caused, induced, abetted, or encouraged or contributed toward the delinquency of a child, or to have acted in any way tending to cause or induce such delinquency, may be punished by a fine of not more than five hundred dollars or by imprisonment of not more than one year, or both. The court may release on probation under section eighty-seven of chapter two hundred and seventy-six, subject to such orders as it may make as to future conduct tending to cause, induce or contribute to such delinquency, or it may suspend sentence under section one of chapter two hundred and seventy-nine, or before trial, with the defendant's consent, it may allow the defendant to enter into a recognizance, in such penal sum as the court may fix, conditioned to comply with such terms as the court may

defendant, Donna Garcia, was tried, nonjury, in Fall River Juvenile Court on April 23, 1998, convicted, and sentenced to six months' probation.[2] In her appeal, the defendant contends that the judge erred when he denied her motion for a required finding of not guilty at the close of the Commonwealth's case and again when she rested without offering evidence. We agree with the defendant's contention, and shall reverse the conviction.

The following occurred before the instant "contributing" complaint was tried: (i) The minor, Phil P.,[3] was convicted in New Bedford Juvenile Court on March 5, 1996, of breaking and entering, larceny, and possession of marijuana, and received a suspended sentence; (ii) the present defendant, Donna Garcia, upon jury trial in New Bedford District Court on November 24, 1997, was acquitted of receiving stolen property in value over $250; a charge of acting as accessory after the fact was dismissed.[4]

To revert to the instant contributing complaint and appeal: Phil P., witness for the Commonwealth, testified that on March 1, 1996, when he was fifteen years old, he broke into the downstairs apartment of a neighbor at 275 Bates Street, New Bedford, and made off with two VCRs and some jewelry, which included a gold necklace. He telephoned the defendant for a ride. She picked him up at his home (an upstairs apartment at the same address) and drove him to her house, carrying also, it appears, two VCRs and a gold necklace. Phil said he told the defendant the property was his and that he had never given any of it to anyone. He never told the defendant he had done a break-in, or that the property had belonged to anyone besides

order for the promotion of the future welfare of the child, and the said case may then be placed on file. The provisions for recognizance in section fifty-six shall be applicable to cases arising hereunder. The divisions of the juvenile court department shall, within their respective territorial limits, have exclusive jurisdiction over complaints alleging violations of this section." G. L. c. 119, § 63, as amended through St. 1996, c. 450, § 162.

[2]The Juvenile Court has exclusive jurisdiction of complaints under G. L. c. 119, § 63. See the last sentence of the statute and Commonwealth v. Lender, 47 Mass. App. Ct. 164 (1999).

[3]A pseudonym.

[4]The charges against the defendant, Donna Garcia, of receiving stolen goods, being accessory after the fact, and contributing to the delinquency of a minor were all initiated by complaint of March 2, 1996, lodged in New Bedford District Court.

himself. Phil said the defendant had not offered assistance in hiding or disposing of these goods.

Officer Jose M. Correia, a New Bedford policeman, also testifying for the Commonwealth, said that on the day of the break-in, he responded to the apartment at 275 Bates Street and spoke to Joseph Ponsart, the occupant. Thereupon he went to Timberlane Road, New Bedford, the defendant's place, accompanied by police officers and Phil's stepfather. Phil was there. They spoke to him and the defendant. The defendant said she had given Phil a ride, that he had come over with the VCRs, and that one of them was in her apartment. When Correia told her he had information that a second VCR had been sold, she denied being given anything by Phil. She went to her bedroom and came back with a VCR and handed it to Correia. When Correia said they were looking for two VCRs and a necklace, that Phil had stolen them, she said she was not involved, and denied being given anything by Phil. She denied having a gold necklace, but Correia saw it in a trash can near a TV set and took it. Later the defendant called the police to say she had located a second VCR, which she surrendered to the police. Ponsart reclaimed the three items as his.

We interpret G. L. c. 119, § 63, to require for a conviction that the accused shall have acted knowingly in the subversion of the minor — shall have understood that her conduct was blameworthy in relation to the minor. Section 63 is indeed sweeping in its definition of the offense (see note 1), but the requirement of establishing the knowledge element inheres in each part of the definition, from "caus[ing]" to "act[ing] in any way tending to cause" delinquency. Such an interpretation follows from the "general principle that criminal liability should be premised upon subjective blameworthiness" (quoted from the commentary to § 230.4 of the Model Penal Code, at 451, cited in the margin).[5] The Legislature would be expected to recognize the principle, and to be quite explicit in the singular situations where it intended that the principle should not apply.

[5]Model Penal Code § 230.4 (1980). The commentary properly assumes that the "general principle" applies to the substance of the conventional contributing statute. This seems manifestly correct; some of the decided cases are muddy on the question. See Annot., Mens Rea or Guilty Intent as Necessary Element of Offense of Contributing to Delinquency or Dependency of Minor, 31 A.L.R. 3d 848 (1970 & Supp. 1999).

The Model Code, however, rejects the conventional category as defined in G. L. c. 119, § 63, and instead adopts the following:

(This is even without consideration of the question how far a knowledge factor could constitutionally be eliminated from the crime of contributing to delinquency. Cf. *Vachon* v. *New Hampshire*, 414 U.S. 478 [1974] [6-3 decision].)

The Commonwealth at trial and on appeal has not mentioned a knowledge requirement. Perhaps the Commonwealth, without saying so, wants us to infer that the defendant Garcia knew the goods were stolen. If she knew this at the time, then there is authority that she might be held guilty of contributing by way of receiving the goods or otherwise. See *People* v. *Dritz*, 259 A.D. 210 (N.Y. 1940); *Commonwealth* v. *Stroik*, 175 Pa. Super. 10 (1954). But when it comes to proof of such knowledge, the Commonwealth could do no more on the present record than invite a trier to a conclusion based on tendentious winks and nudges — that there were two VCRs, not one, that a necklace was implicated, etc. We think the evidence was insufficient to ground a finding of knowledge and surely not a finding beyond a reasonable doubt according to the *Latimore* standard, *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-678 (1979). "[N]o essential element of the crime may rest in surmise, conjecture, or guesswork." *Commonwealth* v. *Kelley*, 359 Mass. 77, 88 (1971).[6] We add that evidence of the missing feature, if it existed, would hardly be beyond the ordinary reach of a prosecu-

"§ 230.4. *Endangering Welfare of Children*. A parent, guardian, or other person supervising the welfare of a child under 18 commits a misdemeanor if he knowingly endangers the child's welfare by violating a duty of care, protection or support."

The codifiers conceive that the crime thus freshly defined would encompass the core of complaints lodged under conventional contributing statutes that (i) are not covered in substance by the usual specific provisions of the penal laws, and (ii) deserve clear statement and punishment. Behavior outside § 230.4 would be punishable, if at all, under the specific provisions. So, in our situation, Donna Garcia would be amenable only to the provision for receiving stolen property (or some other applicable ordinary penal provision).

The codifiers reject the conventional statutory formulation of a contributing crime, among other reasons, because the definition is amorphous in content and offends against even a moderate standard of clarity in defining punishable conduct, and, further, because there is increasing recognition that the causes of delinquency are themselves obscure.

[6]Cf. *Commonwealth* v. *Dennis*, 33 Mass. App. Ct. 666 (1992), *S.C.*, 416 Mass. 1001 (1993). The defendant was present for an hour near minors who were trafficking in drugs. One of the youths declined to sell to a third person when he looked to the defendant and saw him shake his head negatively. Upon pursuit by police, the defendant discarded bags of cocaine. This did not make out a case under § 63.

tor in gathering evidence; for example, a prosecutor might well inquire about the nature of any prior relationship between the defendant and the minor. (The trial judge did not explain his decision.)

Our holding that there was error in the judge's denial of a required finding is consistent, or not inconsistent, with the present defendant's acquittal after jury trial of receiving the stolen property. Were our decision otherwise, were we affirming the defendant's conviction of the contributing crime, a question would appear on the face of things whether the conviction was barred by reason of double jeopardy. See *Commonwealth* v. *Woods*, 414 Mass. 343, 350-351, cert. denied, 510 U.S. 815 (1993), and compare *United States* v. *Dixon*, 509 U.S. 688 (1993). See also *Commonwealth* v. *Arriaga*, 44 Mass. App. Ct. 382, 391-392 (1998). The question might be litigated by post-conviction proceedings if the defendant could clear herself of the objection that any double jeopardy contention was lost because not raised by way of defense at trial (or pressed on the present appeal).

*Judgment reversed.*