COMMONWEALTH *vs.* LEROY WRIGHT.

No. 02-P-575.

Suffolk. June 4, 2003. - December 4, 2003.

Present: BECK, KASS, & DOERFER, JJ.

*Obscenity,* Child pornography. *Practice, Criminal,* Mistrial, Judicial discretion.

At the trial of an indictment for child pornography (posing a child in a state of nudity) in violation of G. L. c. 272, § 29A, while there was sufficient evidence to support the jury's conclusion that the victim was under the age of eighteen when the defendant took photographs of her, the evidence did not establish beyond a reasonable doubt that the defendant knew or should have known that the victim had not yet reached her eighteenth birthday at the time of the offense. [109-112]

A Superior Court judge did not abuse his discretion in denying a criminal defendant's motion for a mistrial based on the victim's courtroom outburst, given the judge's forceful curative instruction. [112]

INDICTMENT found and returned in the Superior Court Department on May 14, 1998.

A pretrial motion to suppress evidence was heard by *Charles T. Spurlock,* J., and the case was tried before him.

*Kevin Lawrence Barron* for the defendant.

*Susanne Levsen Reardon,* Assistant District Attorney, for the Commonwealth.

BECK, J. A Superior Court jury convicted the defendant of one count of child pornography (posing a child in a state of nudity) in violation of G. L. c. 272, § 29A; one count of possession of child pornography, G. L. c. 272, § 29C; three counts of indecent assault and battery on a person over the age of fourteen, G. L. c. 265, § 13H; and one count of assault and battery, G. L. c. 265, § 13A. The victim was the daughter of the defendant's live-in girlfriend. The judge allowed the defendant's motion for a required finding as to the three charges involving the victim's younger sister.

On appeal the defendant claims the following errors infected his trial: (1) there was insufficient evidence that the victim was under the age of eighteen at the time the defendant took pornographic pictures of her; (2) even if there was sufficient evidence that the victim was under eighteen, there was insufficient evidence the defendant knew the victim was under age; (3) the judge wrongly denied the defendant's motion for mistrial after the victim's courtroom assault on her mother; (4) the prosecution wrongly introduced photographs of girls and young women who were not the subject of any of the indictments; and (5) trial counsel's lapses constituted ineffective assistance of counsel.

1. *The victim's age.* The child pornography statute under which the defendant was convicted provides as follows:

> "Whoever, either with knowledge that a person is a child under eighteen years of age or while in possession of such facts that he should have reason to know that such person is a child under eighteen years of age, and with lascivious intent, hires, coerces, solicits or entices, employs, procures, uses, causes, encourages, or knowingly permits such child to pose or be exhibited in a state of nudity, for the purpose of representation or reproduction in any visual material, shall be punished . . . for a term of not less than ten years
> . . . ."

G. L. c. 272, § 29A(*a*).

The defendant claims there was insufficient evidence that the victim was under the age of eighteen when the defendant took the photographs in question. We disagree.

To be sure, the victim's answers to questions about her age at various critical times were equivocal. In the course of her testimony, she said she was "seventeen going on eighteen, I think"; "[s]eventeen, eighteen. Seventeen and a half, going on eighteen"; "I could be seventeen, seventeen and a half"; "seventeen, seventeen and a half, going on eighteen." At one point, responding to defense counsel's attempt to focus her attention on when the photograph of her was taken, she testified: "I could have been seventeen, going on eighteen. . . . I'm not trying to remember exactly how old I was. It's not on my mind right now."

However, she also testified that she had to have been between seventeen and eighteen when the photographs were taken because that is when she lived with the defendant and her mother. She later testified that, when she was seventeen, she had surgery and afterward stayed with her mother. The defendant took the photographs a couple of months later. Viewed in the light most favorable to the Commonwealth, there was sufficient evidence to support the jury's conclusion that the victim was seventeen at the time the defendant took the pornographic photographs of her. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979).

2. *The defendant's knowledge of the victim's age.* Whether there was sufficient evidence the defendant knew or possessed sufficient facts that he should have known the victim was under the age of eighteen is another matter. For the first time on appeal, the defendant argues there was not. Ordinarily an issue is waived if not raised at trial. However, "findings based on legally insufficient evidence are inherently serious enough to create a substantial risk of a miscarriage of justice." *Commonwealth* v. *McGovern*, 397 Mass. 863, 867-868 (1986).

The Commonwealth argues on appeal that circumstantial evidence establishes the defendant's knowledge of the victim's age. The argument is as follows:

> "[The two sisters] testified that the defendant had been in a relationship with their mother for some time. [The victim] had a good relationship with the defendant at first and actually lived at the defendant's house with her mother and sister for a year. Viewed in the light most favorable to the Commonwealth, this evidence allowed the jury to infer that the defendant had reason to know how old [the victim] was. *Commonwealth* v. *Rosenberg*, 379 Mass. 334, 338 (1979) (proof of knowledge must be personal to the defendant but may be had by inference from all the facts and circumstances developed at the trial). Where he had a relationship with her mother, it is a reasonable assumption that the mother told him at some point how old her daughters were, especially where [the victim] actually lived in his house for a period of time."

We do not find this argument persuasive.

While many adults might well know the age of children living in their house even if they were not related, the mere fact that this defendant and the victim lived in the same house off and on, is not proof that the defendant knew how old this victim was. A "reasonable assumption" is not the equivalent of a permissible inference based on circumstantial evidence. See *Commonwealth* v. *Garcia*, 48 Mass. App. Ct. 201, 204 (1999) (Kaplan, J.) (contributing to the delinquency of a minor). See also *Commonwealth* v. *Hunt*, 50 Mass. App. Ct. 565, 570 n.4 (2000); *Commonwealth* v. *Gonsalves*, 56 Mass. App. Ct. 506, 512 (2002). The relevant circumstantial evidence is limited, perhaps because neither the prosecution, the defense, nor the judge focused on the fact that knowledge of the victim's age was an element requiring proof in a prosecution under G. L. c. 272, § 29A. Cf. *Commonwealth* v. *Montalvo*, 50 Mass. App. Ct. 85, 88-89 (2000) (comparing statutes as to knowledge of age).

The victim was born on June 25, 1979. When she began staying at the defendant's house, she was attending Boston High School at night and was in the tenth grade. There is nothing in the record that even establishes that the defendant was aware of her educational status. In support of its argument to the jury in closing that they should not believe the defendant's testimony that the victim was eighteen, the Commonwealth argued that the defendant "had no clue what [the victim] did on a day to day basis." (The defendant had testified that he "ha[d] no idea" where or whether the victim went to school.) The confrontation that led her to report the defendant's conduct to the police occurred on March 23, 1998. Although the victim could not or would not testify as to her age at that time, we can perform the necessary arithmetic and compute her age then as eighteen and nine months.

The defendant admits he celebrated the victim's eighteenth birthday with her. The defendant also admits that he took photographs of the victim in a state of partial nudity when she was eighteen. However, there is no evidence as to when he learned about her eighteenth birthday; nor that the defendant would or should have known the victim was seventeen at the time the photographs were taken. The jury could have

disbelieved the defendant's testimony, "but disbelieving evidence does not establish the contrary proposition" that this defendant knew the victim was seventeen at the time. *Atkinson* v. *Rosenthal*, 33 Mass. App. Ct. 219, 224 (1992). Something more was required.

Finally, as the defendant points out, the victim's appearance in the photographs of her would not be a basis for discriminating between a seventeen year old and an eighteen year old. See *Commonwealth* v. *Pittman*, 25 Mass. App. Ct. 25, 28 (1987) (finder of fact may rely entirely on physical appearance to determine age only in cases involving "marked extremes of old age and youth"); *Commonwealth* v. *O'Connell*, 432 Mass. 657, 663 (2000). The evidence before us indicates that the victim was between seventeen and eighteen at the time of the offense. However, even when considered in the light most favorable to the Commonwealth, the evidence does not establish beyond a reasonable doubt that the defendant knew or should have known that the victim had not yet reached her eighteenth birthday. There is simply insufficient evidence to prove the element of knowledge.

3. *The victim's assault on her mother.* The victim's mother testified for the defendant. By the time of trial, she was his fiancée. At the conclusion of her testimony, there was an "outburst in the courtroom" (to quote the stenographer), whereupon the judge declared the lunch recess. The outburst apparently involved the victim swearing at and assaulting her mother. The defendant claims the judge erred in denying his oral motion for a mistrial. "Whether to declare a mistrial is within the trial judge's discretion." *Commonwealth* v. *Garrey*, 436 Mass. 422, 435 (2002), quoting from *Commonwealth* v. *Gallagher*, 408 Mass. 510, 517 (1990). Given the judge's forceful curative instructions telling the jury "not to consider [the outburst] in any way, shape, or form during their deliberation," he did not abuse his discretion. *Commonwealth* v. *Kilburn*, 426 Mass. 31, 38 (1997).

4. *Remaining claims and conclusion.* In view of our conclusion that there was insufficient evidence that the defendant knew or should have known the victim's age, we need not consider the defendant's remaining arguments that the photo-

graph albums should not have been admitted and that counsel was ineffective for not objecting to the admission of the albums.

The judgments on the pornography indictments are therefore reversed. The verdicts on those counts are set aside. The judgments on the remaining counts are affirmed.

*So ordered.*