COMMONWEALTH *vs.* MICHAEL MULLER. March 9, 2012. *Practice, Criminal, Duplicative convictions. Robbery. Assault by Means of a Dangerous Weapon.*

After a jury trial, the defendant was convicted of assault by means of a dangerous weapon, G. L. c. 265, § 15B (*b*), and armed robbery, G. L. c. 265, § 17, based on evidence that the defendant entered a convenience store, approached the cashier, and offered to "split the money" in the cash register with the cashier. When the cashier refused, the defendant removed a handgun from his jacket, placed the handgun on the counter, and demanded money. The cashier complied. The Appeals Court affirmed the convictions in an unpublished memorandum and order pursuant to its rule 1:28. *Commonwealth* v. *Muller,* 77 Mass. App. Ct. 1118 (2010). We granted the defendant's application for further appellate review, limited to the question whether the convictions of armed robbery and assault by means of a dangerous weapon were duplicative. We affirm.

---

[2]There is no dispute that a subsequent chemical analysis of the substance seized confirmed that it was marijuana.

For the reasons explained in *Commonwealth* v. *Anderson, ante* 616 (2012), in determining whether convictions are duplicative, "we adhere to the elements-based approach, and reject the closely related conduct approach." *Id.* at 634, citing *Commonwealth* v. *Vick,* 454 Mass. 418, 433-435 (2009). Because "armed robbery has a required element — the theft of money or property — that is not required to prove assault by means of a dangerous weapon, and assault by means of a dangerous weapon has a required element — the use of a dangerous weapon to commit the assault — that is not required to prove armed robbery," *Commonwealth* v. *Anderson, supra* at 633, the two convictions are not duplicative.[1]

*Judgments affirmed.*

*Estera Halpern* for the defendant.

*Hallie White Speight,* Assistant District Attorney, for the Commonwealth.

---

[1] We do not consider the defendant's claim that, in light of *Commonwealth* v. *Santos,* 440 Mass. 281 (2003), this holding results in an ex post facto violation. The claim was not made in the Superior Court, in the Appeals Court, or in the application for further appellate review.

