In 2015, the defendant pleaded guilty to seven indictments that charged him with armed robbery of cash from Gregory Alterio (indictment one), armed robbery of cash from Eric Alterio (indictment two), armed robbery of a neck chain from Eric Alterio (indictment three), armed assault with intent to rob against Gregory Alterio (indictment four), assault and battery by means of a dangerous weapon against Gregory Alterio (indictment five), assault by means of a dangerous weapon against Eric Alterio (indictment six), and larceny in an amount over two hundred and fifty dollars from a gas station (indictment seven). In 2016, the defendant moved to "vacate [his] convictions" on indictments two, four, five, six, and seven based on his claim that those convictions were duplicative. The Commonwealth agreed that the convictions on indictments one and four were duplicative, but otherwise opposed the motion. The motion judge found that the convictions on indictments one and four were duplicative and vacated the conviction on indictment four, determined that there was insufficient evidence to support the conviction on indictment two and dismissed that conviction, but otherwise denied the motion.[2] The defendant appeals from so much of the order as denies his motion. We affirm.
The defendant first claims that his convictions on indictment five, assault and battery by means of a dangerous weapon against Gregory Alterio, and indictment seven, larceny over two hundred and fifty dollars from the gas station, must be dismissed because they are duplicative of his conviction on indictment one, armed robbery of cash from Gregory Alterio. He also claims that his conviction on indictment six, assault by means of a dangerous weapon against Eric Alterio, must be vacated because it is duplicative of his conviction on indictment three, armed robbery of a neck chain from Eric Alterio. We disagree.
In support of his claim, the defendant asks that we apply a conduct-based approach that has been rejected by the Supreme Judicial Court in all cases except those involving cognate offenses. In Commonwealth v. Vick, 454 Mass. 418, 431 (2009), the court held that the traditional, elements-based rule from Commonwealth v. Morey, 108 Mass. 433, 434 (1871), "remains the standard for determining whether multiple convictions stemming from one criminal transaction are duplicative." See Commonwealth v. Buckley, 76 Mass. App. Ct. 123, 126 (2010) ("the siren song of the conduct-based approach has been silenced").
Relative to indictments five and one, as the judge determined based on Commonwealth v. Wolinski, 431 Mass. 228, 238-239 (2000), a conviction of assault and battery by means of a dangerous weapon is not duplicative of a conviction of armed robbery because each crime requires proof of a fact that the other does not. "For the former an assault and battery by means of a dangerous weapon must have occurred, but there need not be any larceny; for the latter an assault with a dangerous weapon and larceny must have occurred, but there need not be any battery." Id. at 239. The offenses are not duplicative.
Also, contrary to the defendant's claim, the judge properly determined that the defendant's conviction on indictment six, assault by means of a dangerous weapon against Eric Alterio, is not duplicative of his conviction on indictment three, armed robbery of the same victim. In Commonwealth v. Anderson, 461 Mass. 616, 633 (2012), the court expressly held that "a conviction of armed robbery is not duplicative of a conviction of assault by means of a dangerous weapon." The crimes simply have different elements. See Commonwealth v. Muller, 461 Mass. 1009, 1010 (2012).
Finally, the defendant claims that his conviction on indictment seven of larceny is duplicative of his conviction on indictment one of armed robbery. We disagree. While the defendant is correct that larceny is a lesser included offense of armed robbery, the judge properly concluded that the defendant's convictions of larceny against the local gas station and the armed robbery against Gregory Alterio are not duplicative because the crimes involved different victims. See Commonwealth v. Levia, 385 Mass. 345, 351 (1982). The "appropriate 'unit of prosecution' for larceny is the taking at a single time and place without regard to the number of items taken; the appropriate 'unit of prosecution' for armed robbery is the person assaulted and robbed" (quotation omitted). Commonwealth v. Donovan, 395 Mass. 20, 31 (1985).
Accordingly, so much of the order as denies the motion to vacate convictions is affirmed.
So ordered.
Affirmed

The judge resentenced the defendant in accordance with her decision.